**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

|  |  |
|---|---|
| JOSE MIGUEL TZUN COTOM, | No. 22-1420 |
| Petitioner, | Agency No. A205-467-369 |
| v. | |
| PAMELA BONDI, Attorney General | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 5, 2025[**]
San Francisco, California

Before: RAWLINSON and SANCHEZ, Circuit Judges, and ROSENTHAL,[***]
District Judge.

Jose Miguel Tzun Cotom, a native and citizen of Guatemala, petitions for

review of a July 25, 2022, Board of Immigration Appeals (BIA) decision dismissing

---

[*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]    The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]    The Honorable Lee H. Rosenthal, Senior United States District Judge for the Southern District of Texas, sitting by designation.

his appeal of an immigration judge's (IJ) denial of his application for withholding of removal and cancellation of removal. We have jurisdiction under 8 U.S.C. § 1252(a), and we deny the petition.

We review questions of law *de novo* and factual findings for substantial evidence. *See Diaz-Reynoso v. Barr*, 968 F.3d 1070, 1076 (9th Cir. 2020). Under the substantial-evidence standard, we "must uphold the agency determination unless the evidence compels a contrary conclusion." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019). "Where, as here, the BIA agrees with the IJ decision and also adds its own reasoning, we review the decision of the BIA and those parts of the IJ's decision upon which it relies." *Id.* at 1027–28.

1. Tzun Cotom did not preserve his claim-processing challenge to the deficient Notice To Appear (NTA). Before the BIA, he argued only that the deficiencies in his NTA deprived the IJ of jurisdiction over his removal. Because Tzun Cotom's arguments "sounded exclusively in jurisdiction," the BIA "had no reason to consider whether the NTA's defects could constitute some other type of violation . . . , such as a claim-processing violation." *Umana-Escobar v. Garland*, 69 F.4th 544, 550 (9th Cir. 2023). Because Tzun Cotom "failed to exhaust the alleged claim-processing violation as required under 8 U.S.C. § 1252(d)(1)," that part of his petition is denied. *Id.* To the extent Tzun Cotom reasserts his argument that the deficient NTA deprived the IJ of jurisdiction over his removal, precedent

2

precludes this argument. *United States v. Bastide-Hernandez*, 39 F.4th 1187, 1188 (9th Cir. 2022) (en banc).

2. Tzun Cotom's withholding-of-removal claim fails because substantial evidence supports the determination that "Guatemalan authorities" would not be "unable or unwilling to help" him avoid the persecution he alleges he would face as a repatriated small-business owner. *Velasquez-Gaspar v. Barr*, 976 F.3d 1062, 1065 (9th Cir. 2020). Tzun Cotom testified that his father confronted several attempted extortions and that the police responded to his reports of those crimes. Although Tzun Cotom's family has suffered tragic losses to economic-motivated violence, the record evidence about those incidents does not "compel[] the conclusion that Guatemalan authorities" will be unable or unwilling to protect Tzun Cotom from criminal activity he may face upon returning to Guatemala. *Id.* Because Tzun Cotom's withholding-of-removal claim "turns on this factor," *id.*, that portion of his petition is denied.

3. Tzun Cotom's cancellation-of-removal claim fails because substantial evidence supports the determination that his removal would not "result in exceptional and extremely unusual hardship" to his family members. 8 U.S.C. § 1229b(b)(1)(D). Tzun Cotom argues that his youngest child, a two-and-a-half-year-old, was born prematurely and had struggled with health issues early in her life. But Tzun Cotom testified that each of his three children are currently in fine physical

condition, and that his youngest child no longer has these health issues. Tzun Cotom has a substantial family network in Guatemala, including parents and siblings who can assist him. The record evidence does not compel the conclusion that Tzun Cotom's removal and the resulting reduction in the standard of living for his children would impose a hardship that is "out of the ordinary and exceedingly uncommon" and that "deviate[s], in the extreme, from the norm." *Gonzalez-Juarez v. Bondi*, 137 F.4th 996, 1006 (9th Cir. 2025). Tzun Cotom failed to demonstrate his eligibility for cancellation of removal.[1]

**PETITION DENIED.**

---

[1] The stay of removal will remain in place until the mandate issues. The motion for stay of removal (Dkt. #3) is otherwise denied.